**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-62225**

A.A., a minor, by and through his
Parents and natural guardians,
Mattias Adar and Miriam Adar,

  Plaintiff,

vs.

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

  Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND**
**AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, School Board of Broward County, Florida ("SBBC"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Second Amended Complaint [D.E. 1-1], and in support thereof states:

**I. INTRODUCTION**

Plaintiff, A.A. sues the SBBC for negligence and negligent training (Count I), negligent hiring and retention (Count II), negligent supervision (Count III), and violations of 42 U.S.C. § 1983 (Count IV). Plaintiff's allegations concerns three different teachers at two different schools: Joyce Bradley at Pasadena Lakes Elementary School, Tahisha Brown at Pasadena Lakes Elementary School, and Halyna Shvank at Dania Beach Elementary School. However, Plaintiff fails to allege the requisite elements of Count I through III as to each teacher. As a result, Counts I through III of Plaintiff's Complaint are subject to dismissal.

First, as it relates to Plaintiff's claim of negligent training in Count I, Plaintiff fails to identify any training program that the SBBC negligently implemented or operated and fails to

1

plead any facts that support that the SBBC negligently implemented or operated any of its training programs.  As a result, as it relates to negligent training, Count I must be dismissed.

Plaintiff's negligence claims in Count I hinge on vicarious liability on the part of the SBBC for the intentional, criminal conduct of its employees, Joyce Bradley, Tahisha Brown, and Halyna Shvank.  It is well-settled that an employer cannot be held vicariously liable for the intentional torts of its employee where such acts did not further a purpose or interest of the employer.  Joyce Bradley, Tahisha Brown, and Halyna Shvank's alleged intentional verbal and physical abuse of Plaintiff were self-interested acts that under no set of facts can be deemed to further the interests of the SBBC.  Additionally, the Complaint cannot be amended to plead any facts that could ever establish a basis for vicarious liability on the part of the SBBC for the alleged verbal and physical abuse.

Regarding Plaintiff's negligent hiring claims in Count II, Plaintiff fails to plead any facts, and indeed could not plead any facts, that support that the SBBC knew or should have known of the teachers' unfitness for employment *prior* to the time that each was actually hired.  As a result, Plaintiff's negligent hiring claims should be dismissed with prejudice.

Regarding Plaintiff's negligent retention claims in Count II and negligent supervision claims in Count III, any claims in Counts II and III that relate to the negligent retention and supervision of Halyna Shvank and Tahisha Brown should also be dismissed with prejudice.  Specifically, Plaintiff fails to plead any facts that support that during their employment,  the SBBC became aware of problems with Halyna Shvank and Tahisha Brown that indicated their unfitness and also failed to take further action.  As a result, Plaintiff's negligent retention and supervision claims regarding Halyna Shvank and Tahisha Brown should also be dismissed.

Finally, Plaintiff's Section 1983 claims are subject to dismissal because, to the extent that

2

any of Plaintiff's claims are premised on the acts of the SBBC's agents and employees, the Supreme Court has already held that a school board's liability under Section 1983 may not be based on the doctrine of respondeat superior.  Moreover, to the extent that Plaintiff's Section 1983 claims rely on an alleged policy, Count IV must also be dismissed because Plaintiff fails to plead and/or identify any officially adopted policy.  Finally, Plaintiff fails to satisfy the exacting pleading standard to state a cause of action for Section 1983 liability based on custom.

## II.     BACKGROUND

Plaintiff alleges that he is a minor student with disabilities and was subject to physical and verbal abuse by three different teachers at two different schools.  *See* D.E. 1-1, Compl., at ¶¶ 6-36.  Plaintiff alleges that as a result of the alleged abuse, he suffered damages. *Id.,* at Counts I through IV.

## III.    MEMORANDUM OF LAW

### A.     **Plaintiff Fails To State A Cause Of Action For Negligent Training**

In Count I of the Complaint, Plaintiff sues the SBBC for the negligent training of his teachers, Joyce Bradley ("Bradley"), Tahisha Brown ("Brown"), and Halyna Shvank ("Shvank"). "'Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury.'" *Doe v. Carnival Corporation*, 470 F. Supp. 3d 1317, 1324 (S.D. Fla. 2020) (*quoting Doe v. NCL (Bahamas) Ltd.,* No. 1:16-cv-23733-UU, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016)). To state a claim of negligent training, Plaintiff must plausibly allege facts supporting each element of a claim for negligent training under Rule 12(b)(6).  *Doe*, 470 F. Supp. 3d at 1324.  Specifically, Plaintiff cannot state a claim for negligent training based on boilerplate allegations that the SBBC failed to supervise and monitor the activities of its teachers, control the activities of its teachers, train teachers, and/or otherwise promulgate, monitor, and enforce rules or policies. *Id.* (*citing*

3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (plaintiff must plead "more than a sheer possibility that a defendant has acted unlawfully"); *Summers v. Carnival Corp.*, No. 13-23932-CV, 2015 WL 11983231, at *6 (S.D. Fla. Apr. 6, 2015) (granting motion to dismiss "because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible")).

In his Complaint, Plaintiff fails to identify any training program that the SBBC negligently implemented or operated and fails to plead any facts that support that the SBBC negligently implemented or operated any of its training programs. Indeed, Plaintiff merely and vaguely alleges boilerplate allegations of failure to train, which, as set forth above, are subject to dismissal. *Doe*, 470 F. Supp. 3d at 1324; *see* ¶ 42.   As a result, as it relates to negligent training, Count I must be dismissed.

### B. Allegations Of Abuse Are Insufficient To Impose Vicarious Liability On The SBBC

Plaintiff's negligence claims against the SBBC are premised on a theory of vicarious liability for alleged intentional torts committed by Joyce Bradley, Tahisha Brown, and Halyna Shvank.  It is well settled that an employer cannot be held vicariously liable, as a matter of law, for the intentional acts of an employee that were not undertaken to further a purpose or interest of the employer.  *See Perez v. Zaro*, 498 So. 2d 463, 465.  The *Perez* court explained:

> It is entirely clear that responsibility for the intentional wrongful acts of a servant-employee may be visited upon his master-employer under the doctrine of respondeat superior ***only when*** that conduct in some way furthers the interests of the master or is at least motivated by a purpose to serve those interests, rather than the employee's own.

(emphasis added).  In *Perez*, the plaintiff sued his landlord based on a physical assault committed against him on the premises by an employee of landlord.  The plaintiff sought to have the

4

landlord held vicariously liable for the attack.  The court reversed the jury verdict for the plaintiff, ruling that there could be no vicarious liability, as a matter of law.  "We are simply unable to discern any indication whatever that any purpose of the apartment owner was being served or could have been intended by the … senseless, inexplicable act which injured [the plaintiff].  *Id.* at 466.  *See also Kirschenbaum v. Rehfield*, 539 So. 2d 12, 13 (Fla. 3d DCA 1989) (employer not vicariously liable for criminal attack committed by an employee because the assault did not further the interests of the employer and was motivated by a criminal purpose.)

Florida law is clear that "... batteries by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." *Nazareth v. Herndon Ambulance Serv., Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985) (citations omitted).  The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer. *See Weiss v. Jacobson*, 62 So. 2d 904 (Fla. 1953); D*e Jesus v. Jefferson Stores, Inc.*, 383 So. 2d 274 (Fla. 3d DCA 1980); *Lay v. Roux Laboratories, Inc.*, 379 So. 2d 451, (Fla. 1st DCA 1980); *Martin v. United Securities Services, Inc.*, 373 So. 2d 720 (Fla. 1st DCA 1979); W. Prosser, Torts, § 70 at 464, 465 (4th ed. 1971).

In the case of intentional torts, a plaintiff's mere showing that an employee was on duty at the time he or she assailed someone is not sufficient to establish that the conduct occurred within the scope of employment. *Garcia*, 492 So. 2d at 438. Rather, the employee's conduct must be "of the kind he was employed to perform," must occur "substantially within the time and space limits authorized or required by the work to be performed," and must be "activated at least in part by a purpose to serve the master." *Iglesia Cristiana La Casa Del Señor, Inc. v. L.M.*, 783

So. 2d 353, 357 (Fla. 3d DCA 2001). Thus, an employer can generally be held vicariously liable for an intentional tort where the employee's tortious conduct is undertaken in furtherance of the employer's interests. *Perez v. Zazo*, 498 So. 2d 463, 465 (Fla. 3d DCA 1986).

Under no scenario could the alleged intentional verbal and physical abuse alleged to have been committed by Joyce Bradley, Tahisha Brown, and Halyna Shvank be considered accomplished in furtherance of their employment as a teacher or motivated by a purpose to serve the SBBC, nor has Plaintiff made any factual allegation indicating that it was. *Hennagan*, at 751. Joyce Bradley, Tahisha Brown, and Halyna Shvank's alleged conduct was not and cannot be considered within the course and scope of their employment because, while their conduct is alleged to have occurred substantially within the time and space limits authorized or required by the work to be performed, it is clear that their conduct was not the kind that each was employed to perform and was not activated in whole or in part by a purpose to serve the master. *See Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 357 (Fla. 3d DCA 2001). Rather, each "stepped away" from the SBBC's business at the time of the alleged intentional verbal and physical abuse of A.A., and each's motive was unrelated to the SBBC's duties, but rather was in furtherance of their own interests. *Hennagan,* at 750.

That the intentional act of battery committed for the personal gain of an employee cannot give rise to respondeat superior liability is plain. It is impossible to imagine any scenario where any of its employees can be said to act for the benefit of the SBBC by verbally and physically abusing its students with the intent to cause injury. Indeed, Florida law is well-established that batteries by employees are held to be outside the scope of an employee's employment and therefore insufficient to impose vicarious liability on the employer. *See Nazareth v. Herndon Ambulance Service, Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985). Joyce Bradley, Tahisha

6

Brown, and Halyna Shvank's alleged intentional verbal and physical abuse of A.A. was unquestionably an independent, self-serving act that did not and could not further the interests of or benefit their employer, the SBBC. The SBBC cannot be held vicariously liable for the self-motivated, intentional torts of Joyce Bradley, Tahisha Brown, and Halyna Shvank. Therefore, the Court should dismiss Count I of the Complaint with prejudice.

### C. Plaintiff Fails To State A Cause Of Action For Negligent Hiring And Retention

#### 1. Negligent Hiring

In Count II of the Complaint, Plaintiff sues the SBBC for the negligent hiring and negligent retention of Bradley, Brown, Shvank, and other unidentified "teachers, assistants, staff, and administration" at each school. *See* Compl. at ¶ 54. As an initial matter, Count II includes ambiguous allegations that the SBBC negligently hired and retained some unknown and unidentified teachers, assistants, staff, and administration at Pasadena Lakes Elementary School and Dania Beach Elementary School. The SBBC should not have to guess at who these alleged employees are in order to admit or deny the allegations of the Complaint. As a result, the Court should dismiss Count II, or, at a minimum, require Plaintiff to plead with more specificity.

"Negligent hiring occurs when, *prior to the time the employee is actually hired*, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986) (emphasis added) (citing *Williams v. Feathersound, Inc*., 386 So. 2d 1238 (Fla. 2d DCA 1980)). Further, the Florida Supreme Court has held that

> To bring a prima facie case for negligent hiring, a plaintiff must demonstrate that: (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2)

7

> an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

*Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

As the case law above sets forth, the analysis turns on the timing of knowledge. Absent from Plaintiff's Complaint are any ultimate factual allegations regarding the SBBC's pre-employment investigation into any SBBC employee. Instead, Plaintiff ambiguously raises an all-encompassing allegation that SBBC:

> breached this duty by negligently hiring and/or retaining Pasadena Lakes Elementary School **and** Dania Elementary School **teachers**, **assistants**, **staff** and **administration** who were unqualified to perform their responsibility as educators, and who completely failed to supervise, teach[,] and administer non-verbal autistic children, including but not limited to Halyna Shvank, Joyce Bradley and Tahisha Brown.

Compl., ¶ 54 (emphases supplied). As *Garcia* makes clear, in negligent hiring claims, the inquiry is focused on whether the specific danger that ultimately manifested itself reasonably could have been foreseen *at the time of hiring*. Here, the Complaint fails to allege facts establishing that the SBBC had *prior* notice that any of its employees, including Shvank, Bradley, and Brown, had the alleged propensity to abuse students, and, in the face of that notice, hired them anyway. Indeed, Plaintiff makes no allegations whatsoever regarding the hiring of Shvank or Bradley. The only allegations regarding Bradley concern her alleged conduct *after* she had been hired. *See* Compl. at ¶ 9.

Moreover, with respect to the initial hiring of Brown on 2013, Plaintiff fails to allege that the SBBC had *prior* notice in 2013 that Brown had the propensity to abuse students and hired her anyway. Even with respect to the alleged re-hire of Brown in 2017, Plaintiff fails to allege that

8

in 2017 the SBBC had notice that Brown had the propensity to abuse students and re-hired her anyway. Indeed, the only allegations that Plaintiff makes regarding Brown is that she had performance issues, tardiness issues, and lacked teaching skills; not that she was verbally or physically abusive to students. *See* Compl. at ¶ 8. As *Garcia* makes also clear, such allegations are a necessary element to a claim for negligent hiring. As a result, Plaintiff's claims for negligent hiring should be dismissed with prejudice.

### 2. Negligent Retention[1]

Any claims in Count II that relate to the negligent retention of Shvank and Brown should also be dismissed with prejudice. In *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986), the Court described the difference between a claim for negligent hiring and negligent retention:

> The principal difference between negligent hiring and negligent retention as bases for employer liability is the time at which the employer is charged with knowledge of the employee's unfitness. Negligent hiring occurs when, *prior to the time the employee is actually hired*, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background. *See, e.g., Williams v. Feathersound, Inc.*, 386 So. 2d 1238 (Fla. 2d DCA 1980), petition for review denied, 392 So. 2d 1374 (1981); *Abbott*. <u>Negligent retention, on the other hand, occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment.</u> *See, e.g., McCrink v. City of New York*, 296 N.Y. 99, 71 N.E.2d 419 (1947); *Fernelius v. Pierce*, 22 Cal.2d 226, 138 P.2d 12 (1943); *see also, Riddle v. Aero Mayflower Transit Co.*, 73 So. 2d 71 (Fla. 1954).

---

[1] The SBBC does not move to dismiss the negligent retention claim regarding Bradley and has concurrently filed an answer that responds to those allegations.

9

(emphasis added).  As *Garcia* makes clear, in negligent retention claims, the inquiry is focused on whether the employer becomes aware of an employee's unfitness and fails to take further action.  *Id.*

Here, the Complaint fails to allege facts establishing that the SBBC had ever, prior to the allege incident, become aware of any issue with Shvank's fitness for employment.  Specifically, the Complaint makes no allegations of past abuse by Shvank.  Moreover, the Plaintiff cannot rely on the informal 2016 investigation by the parent group to plead such knowledge because there are no allegations that Dania Beach Elementary, where Shvank was employed, was found to be deficient in any way.  As a result, all negligent retention allegations regarding Shvank should be dismissed.

The Complaint also fails to allege that Brown was negligently retained.  Specifically, the Plaintiff alleges that after her initial employment with the SBBC in 2013, the SBBC terminated Brown's employment due to issues unrelated to Plaintiff's allegations of abuse, i.e., performance, tardiness, and teaching skills.  *See* Compl. at ¶ 8.  The Complaint further alleges that three years later, the SBBC re-hired Brown.  *Id*. Nowhere in the Complaint does Plaintiff allege that the SBBC became aware of problems with Brown that indicated her unfitness and also failed to take further action.  In fact, Plaintiff alleges the opposite regarding Brown's 2013 employment, i.e. that the SBBC terminated Brown's employment.  *Id*.

And, with respect to Brown's 2017 re-employment, there are no allegations that the SBBC became aware of Brown's unfitness and failed to take action.  Plaintiff again cannot rely on the informal 2016 investigation by the parent group because Brown had not yet been re-employed by the SBBC in 2016 so any allegations regarding the findings of that investigation as it relates to Pasadena Lakes Elementary School could not have included actions that can be

attributed to Brown.  Even if they could (and they cannot based on the timeline), the investigation did not find that abuse was taking place at Pasadena Lakes.  At best, the investigation found the classroom environment was disorderly and perhaps not conducive to learning, but certainly not abusive.  As a result, all negligent retention allegations regarding Brown should also be dismissed.

### D. Plaintiff Fails To State A Cause Of Action For Negligent Supervision[2]

The elements for a cause of action of negligent supervision are the same as those set forth above for negligent retention: "'[l]iability for negligent supervision ... occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as "investigating, discharge or reassignment."'" *Assicurazioni Generali S.p.A. v. GAP Forwarding, Inc.*, Case No., 10-20736-CIV-LENARD/O'SULLIVAN, 2012 WL 12865255, *2 (S.D. Fla. Oct. 22, 2012) (*quoting Malicki v. Doe*, 814 So. 2d 347, 362 n. 15 (Fla. 2002) (*quoting Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986))) and *citing Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006) (stating that under Florida law, "liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action" (*citing Garcia*, 492 So. 2d at 438-39))).  As a result, for the reasons and authorities cited in Paragraph C(2) above, any claims in Count III that relate to the negligent supervision of Shvank and Brown should also be dismissed with prejudice.

### E. Plaintiff's Section 1983 Claims Require Dismissal

In *Fernandez v. School Board of Miami Dade County*, 201 F.Supp.3d 1353, 1366 (S.D. Fla. 2016), the court laid out the legal framework that must be used to analyze a school board's

---

[2] The SBBC does not move to dismiss the negligent supervision claim regarding Bradley and has concurrently filed an answer that responds to those allegations.

11

liability under Section 1983:

> A school board's liability under Section 1983 may not be based on the doctrine of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A county is "liable under section 1983 only for acts for which [the school board] is actually responsible." *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir.2001) (en banc). A school board is liable only when the school board's "official policy" causes a constitutional violation. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. Thus, to state a Section 1983 claim against a school board, a plaintiff must "identify a municipal 'policy' or 'custom' that caused [his] injury." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998) (citations and internal quotations omitted).
>
> [Plaintiffs], therefore, have two methods by which to establish the school board's policy: "identify either (1) an officially promulgated [school board] policy or (2) an unofficial custom or practice of the [school board] shown through the repeated acts of a final policy maker for the [school board]." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir.2003). Because a school board rarely will have an officially adopted policy of permitting a particular constitutional violation, most plaintiffs…must show that the School Board has a custom or practice of permitting the constitutional violation and that the School Board's custom or practice is "the moving force [behind] the constitutional violation." *Id.* at 1330 (citations *1366 and internal quotation marks omitted).
> …
>
> "To prove Section 1983 liability based on custom, a plaintiff must establish a wide-spread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.' " *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir.1991) (*quoting City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)) (citation and internal quotation marks omitted). And "[b]ecause Florida law identifies the School Board as the policymaker for the School District, a single decision by the Board may constitute School Board policy, even if not phrased as a formal policy statement." *Brown v. Miami-Dade Cnty. Sch. Dist.*, No. 15–22077, 2015 WL 7450753, at *3 (S.D. Fla. Nov. 24, 2015); *see also Cuesta v. Sch. Bd.*, 285 F.3d 962, 968 (11th Cir.2002) ("Even in the absence of an express policy or custom, a local government body can be held liable 'for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision.' " (*quoting McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th

12

>Cir.1996))).
>
>Under a ratification theory, the School Board, "by actively endorsing or approving the conduct of its employees or officials, may be held responsible for it." *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1189 (11th Cir.2004) (citation and internal quotation marks omitted). For the Plaintiffs to state a successful Section 1983 claim against the School Board based on this theory, however, "they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis." *Id.* (citation and internal quotation marks omitted).

As an initial matter, it appears that Plaintiff's Section 1983 claims are based on the acts of the SBBC's agents and employees. *See* Compl. at ¶¶ 68-73. To the extent that any of Plaintiff's claims are premised on the acts of the SBBC's agents and employees, including the individual teachers, Principal Phelps, and/or Superintendent Runcie, the Court must dismiss Count IV with prejudice because the Supreme Court has already held in *Monell* that a school board's liability under Section 1983 may not be based on the doctrine of respondeat superior. Moreover, to the extent that Plaintiff's Section 1983 claims rely on an alleged policy, Count IV must also be dismissed because Plaintiff fails to plead and/or identify any officially adopted policy. *See* Compl. at ¶¶ 65-74.

As in *Fernandez*, Plaintiff here must also rely on alleged custom to plead his Section 1983 claim. However, Plaintiff fails to satisfy the exacting pleading standard to state a cause of action for Section 1983 liability based on custom. Specifically and as in *Fernandez*, Plaintiff fails to allege any facts that support or involve "…actions taken by the actual School Board itself, the only entity with final policymaking authority for the purposes of stating a claim for relief under *Monell*." *Id*. Plaintiff does not allege or identify a single decision made by the SBBC or Superintendent Runcie that may constitute School Board policy or any facts to support ratification or active endorsement or approval of the conduct of its employees or officials. While

Plaintiff alleges that Superintendent Runcie and non-board members Hickman and Gohl received the results of the 2016 parent investigation and did nothing about it, there are no allegations that the results were presented to the School Board and/or that the School Board i) knew that its employees had such results and failed to address them and also ii) ratified this conduct. *See* Compl. at ¶¶ 12-13, 64. Even if Plaintiff could prove such facts, there are no allegations whatsoever that support that the subject informal parent investigation specifically highlighted instances of abuse in the autistic cluster classrooms at Pasadena Lakes and Dania Beach Elementary Schools or at any other school in the district that the SBBC ignored. This is because the informal parent led investigation merely found that <u>one</u> of the subject schools, Pasadena Lakes, had a "chaotic environment" or lack of nice environment, but not an abusive environment. *See* Compl. at ¶ 11.

Similarly, while Plaintiff alleges that Principal Phelps, school staff Boos-Patty and Colwell, Superintendent Runcie, and non-board members Hickman, Gohl, Starke, and Grigull[3] were made aware of *Plaintiff's allegations of abuse*, there are no allegations that Principal Phelps, Superintendent Runcie, the School Board, or any other person with policy making authority had prior knowledge of such allegations or that they even knew of the alleged abuse of Plaintiff and ratified the conduct. *See* Compl. at ¶¶ 27, 64. Indeed, the Plaintiff fails to allege facts that supports that there existed a wide-spread practice of abuse at the SBBC that is so permanent and well-settled as to constitute a custom because, other than allegations of <u>one</u> other isolated incident involving Bradley, all of Plaintiff's allegations supporting his custom or practice theory relate only to Plaintiff's own claims. Plaintiff does not plead any facts that

---

[3] There are also no factual allegations to support that Boos-Patty, Colwell, Hickman, Gohl, Starke, and Grigull have policy making authority sufficient to subject the SBBC to *Monell* liability.

support a known pattern of abuse. For example, Plaintiff does not allege that there were multiple reports of similar abuse that pre-date Plaintiff's claims. And, the allegations concerning Bradley's alleged prior arrest is, at best, an isolated instance that is not sufficient to show a pattern. *See*, e.g., *Doe v. School Board of Broward County, Fla*., 604 F.3d 1248, 1266 (11th Cir.2010) (two instances of sexual harassment or abuse did not establish custom of inaction).

In fact, Plaintiff alleges that Principal Phelps did not know that Bradley had allegedly been arrested, and there are no allegations that support that Superintendent Runcie or the school board had any such knowledge either. As a result, Bradley's one prior arrest could not qualify as a pattern, and there are no allegations that Bradley repeatedly abused students.

Moreover, the allegation that one teacher, Brown, was terminated as a result of performance issues, tardiness, and lack of skill, does not translate into a known risk by the SBBC that three years later alleged abuse would occur. Specifically, Plaintiff does not and cannot allege that Brown was terminated because she posed a risk of verbal and physical abuse to the students. Nor can Plaintiff allege that the informal 2016 parent-led investigation would provide such knowledge because it was conducted at a time when Brown did not work for the SBBC and because the investigation findings did not identify any instances of verbal and physical abuse, let alone a District wide pattern or custom of abuse. Specifically, there were no alleged findings of abuse at Pasadena Lakes or Dania Beach Elementary Schools or at any other district school, belying the notion that a custom or pattern of systemic student abuse existed at the district. As a result, Count IV must also be dismissed.

**IV.   CONCLUSION**

For the reasons discussed above, the School Board of Broward County School Board, respectfully requests this Court enter an Order dismissing i) Plaintiff's negligence and negligent hiring claims in Count I with prejudice, ii) dismissing the negligent retention and supervision

claims regarding Shvank and Brown in Counts II and III with prejudice, and iii) dismissing Count IV and awarding Broward County School Board such other relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2020, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**GRAY|ROBINSON**
*Counsel for Defendant*,
*School Board of Broward County*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Anastasia Protopapadakis*
Anastasia Protopapadakis, FBN 51426
Primary e-mail:
Anastasia.Protopapadakis@Gray-Robinson.com
Secondary e-mails:
Danieska.Cuarezma@Gray-Robinson.com
Lourdes.Federici@Gray-Robinson.com

## SERVICE LIST

Martin I. Berger, Esq.
**BERGER & HICKS, P.A.**
9700 South Dixie Highway, Suite 850
Miami, Florida 33156
Telephone:	(305) 670-7050
Facsimile:	(305) 670-7060
litigation@bergerhicks.com
*Co-Counsel for Plaintiff*

Seth Miles, Esq.
Brett E. von Borke, Esq.
Melissa Gallo, Esq.
**BUCKNER MILES**
3350 Mary Street
Miami, Florida 33133
Telephone:	(305) 964-8003
Facsimile:	(786) 523-0485
seth@bucknermiles.com
vonborke@bucknermiles.com
mgallo@bucknermiles.com
escobio@bucknermiles.com
isa@bucknermiles.com
*Co-Counsel for Plaintiff*