**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-62225**

A.A., a minor, by and through his
Parents and natural guardians,
Mattias Adar and Miriam Adar,

    Plaintiff,

vs.

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant.
_____/

**DEFENDANT, SCHOOL BOARD OF BROWARD COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]**

Defendant, School Board of Broward County ("SBBC") files its answer and affirmative defenses to Plaintiff's Second Amended Complaint ("Complaint") [D.E. 1-1], and states as follows:

1. The SBBC admits that this purports to be such an action, but denies that Plaintiff states a cause of action or is entitled to any relief.

2. The SBBC is without knowledge and therefore denies the allegations.

3. The SBBC admits the allegations.

4. The SBBC denies the allegations.

---

[1] Concurrent with this Answer and Defenses, the SBBC has filed a motion to dismiss with respect to all allegations of the complaint expect for the allegations of negligent retention and supervision in Counts II and III and they relate to Joyce Bradley only. As a result, the SBBC answers only those allegations here.

5. The SBBC denies the allegations, denies that Plaintiff states a cause of action, and denies that Plaintiff is entitled to any relief.

## FACTS COMMON TO ALL COUNTS

6. The SBBC admits that Pasadena Lakes Elementary School and Dania Beach Elementary School are Broward County public schools. All remaining allegations are denied.

7. The SBBC denies the allegations.

8. The allegations regarding Ms. Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

9. The SBBC denies the allegations.

10. The SBBC is without knowledge and therefore denies the allegations.

11. The SBBC denies the allegations.

12. The SBBC denies the allegations.

13. The SBBC denies the allegations.

14. The allegations regarding Ms. Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

15. The SBBC denies the allegations.

16. The SBBC denies the allegations.

17. The SBBC admits that A.A. was a student in the classroom of Ms. Brown and Ms. Bradley at Pasadena Lakes Elementary School in the 201-2019 school year. The SBBC denies all remaining allegations.

18. The SBBC is without knowledge and therefore denies the allegations.

19. The SBBC is without knowledge and therefore denies the allegations.

20. The SBBC is without knowledge and therefore denies the allegations.

21. The SBBC denies the allegations.

22. The SBBC denies the allegations.

23. The SBBC denies the allegations.

24. The SBBC is without knowledge and therefore denies the allegations.

25. The SBBC is without knowledge as to the alleged disciplinary methods used therefore denies the allegations. All remaining allegations are denied. Moreover, the allegations regarding Ms. Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

26. The SBBC admits that certain parents made one complaint to Principal Phelps and/or made allegations of abuse regarding Ms. Brown and Ms. Bradley in the 2018-2019 school year. All remaining allegations are denied.

27. The SBBC admits that Superintendent Runcie met with certain parents regarding the aforementioned allegations in the 2018-2019 school year. All remaining allegations are denied.

28. The SBBC denies the allegations.

29. The SBBC denies the allegations. Moreover, the allegations regarding Ms. Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

30. The SBBC admits that Ms. Phelps had no prior knowledge of allegations of and/or an arrest of Ms. Bradley. The SBBC denies all remaining allegations.

31. The SBBC admits that A.A. transferred to Dania Beach Elementary School for the 2019-2020 school year. All remaining allegations are denied.

32. The SBBC denies the allegations.

33. The SBBC admits the allegations.

34. The allegations regarding Ms. Shvank are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

35. The allegations regarding Ms. Shvank are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

36. The allegations in Paragraph 36 are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

37. The SBBC denies the allegations.

## **COUNT I – NEGLIGENCE AND NEGLIGENT TRAINING**

38. The SBBC adopts and incorporates by reference its responses to paragraphs 1 through 37 above.

39. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

40. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

41. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

42. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

43. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

44. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

45. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

46. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

47. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations, except that the SBBC admits that A.A. transferred to Dania Beach Elementary School for the 2019-2020 school year.

48. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

49. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations, except that the SBBC admits that A.A. was a student in Ms. Shvank's class while at Dania Beach Elementary School for the 2019-2020 school year.

50. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

51. The allegations in Count I are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

## COUNT II: NEGLIGENT HIRING AND RETENTION

52. The SBBC adopts and incorporates by reference its responses to paragraphs 1 through 37 above.

53. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the allegations in Paragraph 53 constitute legal conclusions to which no response is required. To the extent a response is required, the SBBC denies the allegations.

54. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent

6

that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

54. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

55. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

56. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

57. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

58. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

59. The allegations in Count II that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

## COUNT III: NEGLIGENT SUPERVISION

60. The SBBC adopts and incorporates by reference its responses to paragraphs 1 through 37 above.

61. The allegations in Count III that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, Paragraph 61 consist of legal conclusions to which no response is required. To the extent that a response is required, the SBBC denies the allegations.

62. The allegations in Count III that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

63. The allegations in Count III that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

64. The allegations in Count III that relate to Shvank and Brown are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations. As it relates to Brown, the SBBC denies the allegations.

## COUNT IV: VIOLATION OF 42 U.S.C. § 1983

65. The SBBC adopts and incorporates by reference its responses to paragraphs 1 through 37 above.

66. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

67. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

68. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

69. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

70. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

71. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

72. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

73. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

74. The allegations in Count IV are the subject of the SBBC's concurrently filed motion to dismiss. As a result, no response is required. To the extent that a response is require, the SBBC denies the allegations.

75. The SBBC denies each and every allegation not specifically admitted above, including all allegations in any unnumbered paragraphs, subparagraphs, introductory paragraphs, WHEREFORE clauses, footnotes, endnotes, and/or prayers for relief and demands strict proof of all allegations.

## AFFIRMATIVE AND OTHER DEFENSES[2]

The SBBC asserts the following affirmative and other defenses to Plaintiff's Complaint ("Complaint"), without conceding that it bears any evidentiary burden of proof:

1. For the reasons set forth in the SBBC's concurrently filed motion to dismiss, the Amended Complaint fails to state a claim upon which relief can be granted.

2. The Amended Complaint is barred to the extent Plaintiff has failed to exhaust administrative remedies or to fulfill a condition precedent to bringing this action, including, without limitation, failure to provide proper notice under Section 768.28, Florida Statutes.

3. Plaintiff's negligence claims are barred to the extent that Plaintiff attempts to hold the SBBC liable for i) criminal acts of third-persons, ii) acts that did not further a purpose or interest of the SBBC, and/or iii) conduct that amounted to a stepping away from the SBBC's business at the time of the infliction of the tort, the motive of/to which was unrelated to the

SBBC's duties and not in furtherance of the SBBC's interests.

4. The Amended Complaint is barred to the extent that Plaintiff cannot demonstrate or prove a breach of a duty owed to him.

5. The Amended Complaint is barred to the extent there is no causal connection between any purported acts or omissions of the SBBC and the injuries alleged by Plaintiff, and to the extent Plaintiff's alleged injuries and/or any harm sustained, if any, were proximately caused by the conduct actions, and/or omissions of persons or entities other than the SBBC, and over whom the SBBC lacks ownership and/or control.

6. The Amended Complaint is barred to the extent that the SBBC has, at all times, acted reasonably, in good faith, and in a nondiscriminatory manner.

7. The Amended Complaint is barred because Plaintiff fails to state a cause of action for negligent hiring. Specifically, the Amended Complaint does not state and the Plaintiff cannot prove that the SBBC became aware of problems with its employees fitness *prior* to hiring them and proceeded to hire them anyway.

8. The Amended Complaint is barred because Plaintiff fails to state a cause of action for negligent retention and supervisions. Specifically, the Amended Complaint does not state and the Plaintiff cannot prove that the SBBC became aware of problems with its employees unfitness during their employment *and also* failed to take further action.

9. The Amended Complaint is barred because Plaintiff fails to state a cause of action for negligent training. Specifically, the Amended Complaint fails to identify any training program that the SBBC negligently implemented or operated and fails to plead any facts that support that the SBBC negligently implemented or operated any of its training programs.

---

[2] The SBBC reserves the right to add additional defenses as they become known during the

10. The Amended Complaint is barred by Florida's impact rule. Specifically, the Amended Complaint does not allege and Plaintiff cannot prove that he suffered a physical impact causing a physical injury and/or a qualifying physical injury.

11. The Amended Complaint is barred because Plaintiff fails to state a cause of action for Section 1983. Specifically, the Amended Complaint does not state and the Plaintiff cannot prove that the SBBC subjected Plaintiff to unlawful discrimination because of his disability or solely by reason of his disability.

12. The Amended Complaint is barred because Plaintiff fails to state a cause of action for violations of the ADA and the Rehabilitation Act. Specifically, i) to the extent that any of Plaintiff's claims are premised on the acts of the SBBC's agents and employees, the Supreme Court has already held that a school board's liability under Section 1983 may not be based on the doctrine of respondeat superior; ii) to the extent that Plaintiff's Section 1983 claims rely on an alleged policy, Plaintiff fails to plead and/or identify any officially adopted policy; and iii). Plaintiff fails to satisfy the exacting pleading standard to state a cause of action for Section 1983 liability based on custom or pattern.

13. To the extent that Plaintiff seeks punitive damages under Section 1983, the Amended Complaint is barred because punitive damages are not available against municipalities. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

14. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

15. Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

16. Plaintiff is not entitled to compensatory damages because Plaintiff cannot course of this litigation.

demonstrate or prove bad faith, gross misjudgment, or that that the SBBC's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the SBBC's actions.

17. Plaintiff cannot prove actual damages and is therefore not entitled to nominal damages under Section 1983.

18. The Plaintiff is not entitled to equitable relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant, School Board of Broward County, Florida, prays that Plaintiff takes nothing in this action, that the Court enter judgment dismissing the Complaint against Defendant, School Board of Broward County, Florida, and any such other and further relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2020, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**GRAY|ROBINSON**
*Counsel for Defendant*,
*School Board of Broward County*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Anastasia Protopapadakis*
Anastasia Protopapadakis, FBN 51426
Primary e-mail:
Anastasia.Protopapadakis@Gray-Robinson.com
Secondary e-mails:
Danieska.Cuarezma@Gray-Robinson.com
Lourdes.Federici@Gray-Robinson.com

**SERVICE LIST**

Martin I. Berger, Esq.
**BERGER & HICKS, P.A.**
9700 South Dixie Highway, Suite 850
Miami, Florida 33156
Telephone:     (305) 670-7050
Facsimile:      (305) 670-7060
litigation@bergerhicks.com
*Co-Counsel for Plaintiff*

Seth Miles, Esq.
Brett E. von Borke, Esq.
Melissa Gallo, Esq.
**BUCKNER MILES**
3350 Mary Street
Miami, Florida 33133
Telephone:     (305) 964-8003
Facsimile:      (786) 523-0485
seth@bucknermiles.com
vonborke@bucknermiles.com
mgallo@bucknermiles.com
escobio@bucknermiles.com
isa@bucknermiles.com
*Co-Counsel for Plaintiff*