UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-62225

A.A., a minor, by and through his
Parents and natural guardians,
Mattias Adar and Miriam Adar,

    Plaintiff,
vs.

SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, School Board of Broward County ("SBBC"), pursuant to Rule 7.1, S.D.L.R., files this Reply to Plaintiff's Response [D.E. 13] ("Response") In Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice [D.E. 9] ("Motion"), and in support thereof states:

**I.    MEMORANDUM OF LAW**

    **A.    Negligent Training**

In his Response, Plaintiff attempts to couch his negligent training claim as an operational claim rather than a discretionary claim in an attempt to avoid dismissal. However, Plaintiff's claim is clearly a discretionary claim. Plaintiff explicitly complains about the SBBC's "'decision regarding how to train ... [its employees] and what subject matter to include in the training [which] is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning.'" *See C.H. by Hilligoss v. School Board of Okaloosa County, Florida*, Case No.: 3:18cv2128/MCR/HTC, 2019 WL 4774042, *21 (September 30, 2019) (*quoting Lewis v.*

*City of St. Petersburg*, 260 F. 3d 1260, 1266 (11th Cir. 2001). Specifically, Plaintiff complains that his teachers were not trained "…on *how to handle and teach non-verbal autistic children*." *See* D.E. 1-1, Compl., at ¶¶ 25, 29, 42 (emphasis added). These allegations relate to the content of the training, and not its implantation.

Indeed, in *Lewis*, the Eleventh Circuit found that allegations that the city breached its duty to Lewis by failing to properly train its officer on *how to handle a crisis* management situation and on *how to properly use force* was a discretionary claim. *See Lewis*, 260 F. 3d at 1266 ( "…Lewis challenges the City's policy decisions regarding what to include in the training of its police officers. A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning."). Here, Plaintiff's allegations are similar to Lewis', i.e., Plaintiff complains about *how* the teachers were trained to handle non-verbal autistic children, thereby challenging the reasonableness of basic policy decisions made by the SBBC. *Id.; see also, Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F. 3d 1092, 1117-18 (11th Cir. 2005) ("the challenged actions are the Sheriff's decisions regarding 'how to train its [corrections] officers and what subject matter to include in the training.'… are "'discretionary'" governmental functions immune from tort liability."). As a result, the "discretionary" function exception to the waiver of sovereign immunity applies, and Plaintiff's claim is barred. *Id.; Lewis, 260 F.3d at 1266* ("a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions."). Therefore, for the reasons set forth above together with those set forth in the Motion, Plaintiff's negligent training claims must be dismissed.

**B.     Negligent Hiring**

Plaintiff's Response glosses over the fact that his allegations of negligent hiring include

ambiguous allegations related to unknown and unidentified teachers, staff, and administrators. The SBBC reasserts its position in its Motion in this regard and requests that Count II be dismissed as it relates to these unknown and unidentified teachers, staff, and administrators.

Regarding Bradley, Brown, and Shvank, Plaintiff ignores that the analysis for his claim for negligent hiring turns on timing, i.e., that the SBBC knew or should have known of Bradley, Brown, and Shvank's unfitness <u>*prior*</u> to the time that each was actually hired. The Complaint is completely devoid of any allegations that support that the SBBC had *prior* notice (that is notice *before* each was hired) that Shvank, Bradley, and Brown had the alleged propensity to abuse students, and, in the face of that notice, hired them anyway. Instead, Plaintiff highlights complaint allegations related to Bradley's arrest, but there are no allegations that the arrest occurred *prior* to Bradley being hired by the SBBC. In fact, the complaint affirmatively pleads that Bradley was arrested <u>after</u> she was hired by the SBBC. *See* D.E. 1-1, Compl., at ¶ 9. As a result, these allegations are not sufficient to support a claim for negligent hiring.

Moreover, there are <u>no</u> allegations related to Shvank and Brown. Plaintiff only alleges that the SBBC failed to conduct a background check on them before hiring them, and, in support of that argument, cites to complaint allegations that relate to Bradley, and not to Brown or Shvank. Indeed, Plaintiff cannot allege that the SBBC failed to conduct background checks on Shvank, Brown, or Bradly because at the time of the removal of this case (occasioned by an amended complaint that included federal causes of action), significant discovery had occurred in the underlying state case, including production of the teachers' personnel files which confirm that background checks were performed on all three teachers *prior* to each being hired by the SBBC. As a result and for the reasons set forth in the SBBC's Motion, Plaintiff's claims for negligent hiring must be dismissed with prejudice.

### C. Negligent Retention and Supervision

Conceding that he fails to plead any ultimate facts supporting that the SBBC became aware of Shvank and Brown's unfitness for employment *during* the course of their employment and retained them anyway, Plaintiff illogically implies that Shvank and Brown's alleged lack of certification in exceptional student education ("ESE") should have put the SBBC on notice that these teachers would proceed to physically and verbally abuse students. Specifically, Plaintiff argues that Shvank and Brown were unqualified to teach in special needs classrooms and that the SBBC should have somehow known that their alleged lack of professional certification would lead to their abuse of students. In addition to being absurd, this argument wholly ignores that certification (or the alleged lack thereof) does not supply knowledge of abuse. In other words, allegedly not being certified to teach ESE does not mean that the teacher has a propensity to abuse exceptional students. If that were the case, then, under Plaintiff's reasoning, all non-ESE teachers at the District have the propensity to abuse exceptional students.

Plaintiff also ignores that the complaint contains i) no allegations establishing that the SBBC had ever, prior to the allege incident, become aware of any issue with Shvank's fitness for employment, ii) no allegations of past abuse by Shvank, iii) and no allegations that the 2016 investigation by the parent group contained any negative findings related to Dania Beach Elementary, where Shvank was employed.

As highlighted in its Motion, these pleading deficiencies also exist as it relates to Brown's employment. Specifically, there are no allegations that the SBBC became aware of Brown had the propensity to abuse students and failed to take action. Moreover, Plaintiff cannot rely on the informal 2016 investigation by the parent group to support that Brown was unfit because Brown had not yet been re-employed by the SBBC in 2016 so any allegations regarding

4

the findings of that investigation as it relates to Pasadena Lakes Elementary School could not have included actions that can be attributed to Brown. Even if they could (and they cannot based on the timeline), the investigation did not find that abuse was taking place at Pasadena Lakes. As a result, and for the reasons set forth in the SBBC's Motion, the negligent retention and supervision claims related to Shvank and Brown must be dismissed.

### D. Section 1983

Realizing the weakness of his position with respect to *Monell* liability and a lack of custom sufficient to impose Section 1983 liability, Plaintiff submits that he should be held to a lesser pleading standard and claims that inadequate training is the custom at the SBBC. Even if Plaintiff is held to a lesser pleading standard, he cannot establish that the SBBC had a policy of inadequate training that led to the deprivation of his rights.

The SBBC is not automatically liable under Section 1983 even if it inadequately trained or supervised its teachers and those teacher's violated Plaintiff's constitutional rights. *See Gold v. City of Mia*mi, 151 F. 3d 1346, 1350 (11th Cir. 1998). "Instead, the Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983." *Id.* (*quoting City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). These "limited circumstances" occur only where the SBBC inadequately trains or supervises its employees, this failure to train or supervise is a SBBC policy, and that SBBC policy causes the employees to violate a student's constitutional rights. *Id.* ""[M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives' by…policymakers [and] [o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality." *Id.*

To establish a "deliberate or conscious choice" or such "deliberate indifference," Plaintiff

must present some evidence or plead ultimate facts that the SBBC knew of a need to train and/or supervise in a particular area and made a deliberate choice not to take any action. *See Gold*, 151 F. 3d at 1351. The Eleventh Circuit has repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise. *See, e.g., Wright v. Sheppard*, 919 F. 2d 665 (11th Cir.1990) (sheriff's department was not liable for a deputy's acts when "no evidence of a history of widespread prior abuse ... put the sheriff on notice of the need for improved training or supervision."); *Church v. City of Huntsville*, 30 F. 3d 1332 (11th Cir.1994) (reversing district court's preliminary injunction against the City of Huntsville, holding that the plaintiffs were not likely to succeed on the merits of their failure-to-train claim without proof that the City was aware of a prior incident in which constitutional rights were similarly violated); *Popham v. City of Talladega*, 908 F. 2d 1561, 1564–65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put the City on notice of a need to train); *Brooks v. Scheib*, 813 F. 2d 1191 (11th Cir. 1987) (despite ten prior citizen complaints about police officer, the City did not have any notice of past police misconduct).

   Plaintiff cannot meet his burden. Plaintiff fails to allege a history of widespread prior abuse by SBBC teachers towards exceptional students. Indeed, Plaintiff highlights only one example- that of Bradley- and no others. An isolated incident is clearly not sufficient under the Eleventh Circuit's precedent. Moreover, the 2016 parent investigation did not uncover a pattern of abuse at the schools. Indeed, there were no findings of abuse, and Plaintiff does not allege any either. But even if that were case, there are no allegations that the results were presented to the School Board, the only entity with final policy making authority, and/or that the School Board i) knew of the deficiencies highlighted in the 2016 parent investigation and failed to

address them and also ii) ratified this conduct.  As a result, Plaintiff has not plead ultimate facts, as he must, that the SBBC knew of a need to train and/or supervise in a particular area and made a deliberate choice not to take any action.

Plaintiff also cannot establish that the need to train and supervise in the particular areas at issue were so obvious and the likelihood of constitutional violations was highly predictable so that liability attaches for this single incident ("the So Obvious Cases").  *See Gold*, 151 F. 3d at 1352.  As in *Gold*, here, Plaintiff's complaint "'fall[s] far short of the kind of "'obvious'" need for training that would support a finding of deliberate indifference to constitutional rights on the part of the [SBBC]." *Id*.  It is not obvious in the abstract that placing alleged non-ESE certified teachers in an ESE classroom would lead to physical and verbal abuse of the students.  *See, Id*.  Indeed, the Supreme Court has recognized that the So Obvious Cases occur only in a very narrow range of circumstances which do not exist here.  *See Board of County Commissioners v. Brown*, 520 U.S. 397, 409 (1997). *Canton* makes clear that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Id.* Plaintiff has not plead ultimate facts that satisfy this stringent standard.  As a result, and for the reasons set forth in its Motion, the Section 1983 claim must be dismissed with prejudice.

**II.     CONCLUSION**

For the reasons discussed above and in its Motion, the School Board of Broward County, respectfully requests this Court enter an Order dismissing the Second Amended Complaint and awarding the School Board of Broward County such other relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2021, a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

**GRAY|ROBINSON**
*Counsel for Defendant,*
*School Board of Broward County, Florida*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Anastasia Protopapadakis*
Anastasia Protopapadakis, FBN 51426
Primary e-mail:
Anastasia.Protopapadakis@Gray-Robinson.com
Secondary e-mails:
Danieska.Cuarezma@Gray-Robinson.com
Lourdes.Federici@Gray-Robinson.com

## SERVICE LIST

Martin I. Berger, Esq.
**BERGER & HICKS, P.A.**
9700 South Dixie Highway, Suite 850
Miami, Florida 33156
Telephone:     (305) 670-7050
Facsimile:      (305) 670-7060
litigation@bergerhicks.com
*Co-Counsel for Plaintiff*

Seth Miles, Esq.
Brett E. von Borke, Esq.
Melissa Gallo, Esq.
**BUCKNER MILES**
3350 Mary Street
Miami, Florida 33133
Telephone:     (305) 964-8003
Facsimile:      (786) 523-0485
seth@bucknermiles.com
vonborke@bucknermiles.com
mgallo@bucknermiles.com
escobio@bucknermiles.com
isa@bucknermiles.com
*Co-Counsel for Plaintiff*